

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00040-CV

IN THE INTEREST OF O.A.P., A CHILD

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2011-559,782, Honorable Leslie Hatch, Presiding

September 9, 2015

## ORDER

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

We have before us appellant's motion for rehearing. The appeal was dismissed on August 11, 2015, due to appellant's failure to prosecute the appeal by filing a timely brief. The deadline by which appellant had to file the brief had been extended several times by then. In dismissing the appeal, however, we informed appellant that the cause could be reinstated if an appellant's brief accompanied a timely filed motion for rehearing. The court received a motion for rehearing within twenty-four hours of the dismissal. Therein, appellant represented that the missing brief had been completed on August 3, 2015. Oddly, though, the missing brief did not accompany the motion for rehearing despite the admonition in our order of dismissal. Nonetheless, the court

opted to submit the motion for rehearing via a telephone conference wherein counsel for all parties would participate. It was anticipated that this would afford additional time for appellant to comply with the previous statement in the dismissal order regarding the filing of the brief. The hearing was set for September 8, 2015 at 10:00 a.m.

The hearing convened as scheduled without appellant filing a brief. At the proceeding, counsel for appellant represented that he was unsure whether the brief could be filed before the motion for rehearing was granted. He further told the court that he was unaware of the admonition in the dismissal order until reading an opposing party's response to his motion for rehearing. Despite that response having been filed on August 24, 2015 and his awareness of the admonition in the dismissal order, counsel opted not to file the brief. His purported reason for doing so was the scheduling of the September 8th hearing. In uttering that rationale, though, counsel neglected to offer an acceptable justification explaining why he could ignore the admonition in the dismissal order simply because a hearing had been scheduled.

At the September 8th telephonic hearing, appellant's counsel represented that the brief could be filed by 12:00 p.m. of the same day, and counsel was permitted that opportunity. The court received no brief by that hour. And, though a document was filed approximately forty-five minutes after the deadline, it failed to comply with Texas Rules of Appellate Procedure 9.9 and 38.1.

Consequently, we deny the motion for rehearing.

Per Curiam